ORTÍZ v. THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of San Germán.

No. 72.—Decided October 21, 1910.

MORTGAGE CONSTITUTED ON DIFFERENT PROPERTIES—RECORD.—A mortgage constituted on different properties, subject to the same obligation, is not recordable in cases where the sum which each property shall secure has not been stated.

ID.—WAIVER OF HIS RIGHTS BY THE DEBTOR.—Although the requirement referred to in the preceding paragraph was established for the benefit of the debtor, as it is in the nature of a prohibitory provision, it cannot be waived and the debtor, therefore, cannot agree with the creditor that each and every one of the properties shall be held to secure the whole amount of the debt, thereby eluding the fulfillment of the aforesaid requirement.

The facts are stated in the opinion.

*Mr. Miguel Juan Llaneras* for appellant.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Deed No. 106, constituting a voluntary mortgage for a loan, with interest, executed July 26, 1910, before Notary Public Miguel Juan y Llaneras, by Santiago and Vicenti Quilichini, was presented for record in the Registry of Property of San Germán; the registrar refused to record the same "on the ground that the mortgage was constituted on different

properties and affected by the same encumbrance, without specifying the amount which each property would secure.''

In our opinion the refusal of the registrar is well founded. In fact, section 119 of the Mortgage Law clearly provides that ''when several properties are mortgaged together to secure one debt only under one instrument, the sum or portion of the encumbrance which each property shall secure must be stated.'' And section 164 of the Regulations provides that ''registrars shall not record any mortgage on different properties subject to the same obligation, unless by agreement between the parties or by virtue of a judicial decree in a proper case the amount is previously fixed for which each estate is to be liable.''

The appellant alleges in support of the appeal that the case is sustained by the doctrine established by the General Directorate of Registries, in its decisions of April 13, 1879, and September 22, 1882.

The appellant alleges in support of the appeal, that the purpose of the provisions of section 119 of the Mortgage Law is to protect the debtor in his right to free any of the mortgaged properties from encumbrance by the payment of the amount secured thereby, and that, therefore, if the debtor, as he has done in the present case, waives that right, the instrument executed is valid and should be recorded without difficulty.

But, as has been well said by Galindo and Escosura, in their Legislación Hipotecaria, volume 3, page 261, ''even though the distribution of the mortgage over several properties is intended to protect the debtor, he cannot waive the right and agree with the creditor that each and every one of the properties shall be held to secure the whole amount of the debt; because a benefit under a prohibitory statute cannot be waived. Otherwise, the intention of the legislature would be defeated, because no loan would be made without the requirement on the part of the lender that the debtor should waive this right. The provisions of section 99 of the Regulations.

are absolute; and where a mortgage is not distributed over the different properties securing the debt, the registrar will refuse to record the deed."

In view of the foregoing, the appeal must be dismissed and the decision appealed from, affirmed.

*Affirmed.*

Justices MacLeary and Wolf concurred.

Chief Justice Hernández and Justice Figueras did not sit at the hearing of this case.